UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SOPHEAK M. SAN, et al.,<br><br>    Defendants. | No. 2:15-cv-162-JAM-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

    This matter was before the court on July 22, 2015, for hearing on plaintiff's motion for default judgment against defendant Sopheak San.[1] ECF No. 8. Attorney Amanda Lockhart appeared on behalf of plaintiff; no appearance was made by San. For the reasons stated below, plaintiff's motion should be granted.

I.    <u>Background</u>

    Plaintiff initiated this action on January 20, 2015, alleging violations of the Americans with Disabilities Act ("ADA") 42, U.S.C. §§ 12101, *et seq.*, the California Unruh Civil Rights Act ("Unruh Act"), the California Disabled Persons Act, and a claim for negligence.[2] ECF No. 1. The complaint seeks injunctive relief, and attorneys' fees and costs, and damages under the

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

[2] At the hearing, plaintiff moved to dismiss all claims against defendant Edward Overton and his negligence and California Disabled Persons Act claims against defendant San. The court recommends this request be granted.

1

Unruh Act. *Id*. at 7. The docket reflects that defendant San was served with a copy of the summons and complaint on February 17, 2015. ECF No. 4. Despite being properly served, defendant has not responded to the complaint. On March 24, 2015, plaintiff requested entry of San's default, which the clerk entered on March 25, 2015. ECF Nos. 5, 6.

Plaintiff moved for default judgment (ECF No. 8) and served by mail a copy of the motion on San. ECF No. 8-13. Plaintiff's motion seeks $8,000 in monetary damages under the Unruh Act, based upon one actual visit and one deterred visit to Jaas Auto Service, as well as injunctive relief and attorneys' fees and costs.

According to the complaint, plaintiff is a quadriplegic and uses a wheelchair for mobility. Compl., ECF No. 1 ¶ 1. Defendant San is the owner and operator of the Jaas Auto Service located at 414 W Charter Way, Stockton, California. *Id*. ¶ 2. Jaas Auto Service is a business establishment and place of public accommodation. *Id*. ¶ 7. The property does not have a single functioning and compliant handicap parking space. *Id*. ¶ 8. There is remnants of paint where a handicap parking space used to exist, but the "paint has faded to oblivion, and the mandated 'NO PARKING' lettering does not exist on the access aisle." *Id*.

II.   Discussion

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

A. Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv).  Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1)[he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing

3

facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily achievable," the Ninth Circuit, and various district courts throughout the Ninth Circuit, have often applied the burden-shifting framework set forth in *Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). *Vesecky v. Garick, Inc.*, 2008 WL 4446714, at *2 (D. Ariz. Sept. 30, 2008) (citing *Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court cases).[3] In *Colorado Cross*, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." *Colo. Cross Disability Coal.*, 264 F.3d at 1006.

In *Molski v. Foley Estates Vineyard and Winery*, LLC, 531 F.3d 1043 (9th Cir. 2008), the Circuit addressed *Colorado Cross* directly for the first time. The court declined to apply *Colorado Cross'* burden-shifting framework in the context of barrier removal from within historic buildings and instead placed the burden squarely on the defendant.[4] The court reasoned that by

---

[3] In *Vesecky*, 2008 WL 4446714, at *3, the district court stated that the Ninth Circuit "applied *Colo. Cross* without much discussion" in *Doran v. 7–Eleven, Inc.*, 506 F.3d 1191, 1202 (9th Cir. 2007) (per curiam), withdrawn, 524 F.3d 1034 (9th Cir. 2008). Although the *Doran* opinion cited by the district court in *Vesecky* was subsequently withdrawn and superseded on rehearing, the portion of the opinion relied on by the court in *Vesecky* was not altered in the later *Doran* opinion. *See Doran v. 7–Eleven*, 524 F.3d 1034, 1047–48 (9th Cir. 2008).

[4] Although the Ninth Circuit declined to apply the *Colorado Cross* burden-shifting framework in *Molski*, it has favorably cited *Colorado Cross* elsewhere. In *Lentini v. California Center for the Arts*, 370 F.3d 837, 845 (9th Cir. 2004), the Court of Appeals cited *Colorado Cross* for the proposition that whether a modification order will "fundamentally alter" a service or facility under Title III of the ADA is an affirmative defense. The *Colorado Cross* court supported its holding that the whether removal of an architectural barrier is readily achievable under Title III of the ADA is an affirmative defense, and its resulting application of a burden-shifting test, by

4

requiring "the entity undertaking alterations [to] consult with the State Historic Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party with the best access to information regarding the historical significance of the building" rather than "on the party advocating for remedial measures."[5]  531 F.3d at 1048.

In *Vesecky,* an opinion addressing both *Colorado Cross* and *Molski*, the District of Arizona stated that while it was "mindful of the informational imbalance that may exist between plaintiffs and defendants with respect to the ease and cost with which architectural barriers may be removed . . . until the Ninth Circuit provides additional and specific instruction to the lower courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting framework of *Colo. Cross*, specifically in cases where a historic building is not at issue." *Vesecky*, 2008 WL 4446714, at *2.  This court agrees, especially in the context of a default judgment proceeding in which defendants have not appeared.  42 U.S.C. § 12181(9).

Plaintiff's complaint alleges that he is an individual with a disability, defendant San is the owner and operator of Jaas Auto Service, and that San denied plaintiff public accommodation because of his disability.  Plaintiff also alleges discrimination based on lack of a handicap compliant parking space.  Plaintiff does not, however, specifically allege that the removal of this barrier is readily achievable.  *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Instead, relying on *Wilson v. Haria and Gorgi Corp.*, 479 F. Supp. 2d 1127, 1133 n. 7 (E.D. Cal. 2007), plaintiff argues that whether removal of an architectural barrier is readily achievable is an affirmative defense.  ECF No. 8-1 at 9.  That case appears to adopt the reasoning of *Colorado Cross*, which further held that where a plaintiff meets its initial burden of presenting evidence suggesting the removal of the barrier is readily achievable, "[d]efendant then bears the ultimate burden of persuasion on affirmative defense that barrier removal is not readily

---

analogizing to the affirmative defense under the ADA's fundamental alteration provision.  264 F.3d at 1003–04.  The *Lentini* decision at least suggests that the Ninth Circuit is not altogether hostile to the reasoning that gave rise to the *Colorado Cross* burden-shifting test.

[5]  The court also stated that "congressional intent behind the ADA support[s] placing the burden of production on the defendant."  531 F.3d at 1048.

5

achievable." 264 F.3d at 1002-03. Plaintiff fails to satisfy his initial burden of showing that the removal of the barriers is readily achievable. Nevertheless, 28 C.F.R. § 36.304(b)(18) specifically identifies "[c]reating designated accessible parking spaces" as one of several "[e]xamples of steps to remove barriers." Thus, the creation of a handicap accessible parking space is per se readily achievable. Accordingly, the merits of plaintiff's substantive claims and the sufficiency of the complaint weigh in favor of default judgment.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment. As mentioned above, San was personally served a copy of the summons in complaint, as well as mail served a copy of the motion for default judgment, but has failed to appear and defend against plaintiff's claims. Thus, it appears that San's failure to respond is not due to excusable neglect. The sum of money at stake is relatively small and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc., 219 F.R.D. at 500*; *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as San has failed to respond to plaintiff's claims. Although there is a strong policy in deciding cases on the merits, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F.Supp.2d at 1177; *see Craigslist, Inc. v. Naturemarket*, Inc., 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009).

Accordingly, the record before the court demonstrates that plaintiff is entitled to default judgment on his ADA claim against defendant San.

/////

/////

B. <u>Unruh Civil Rights Act</u>

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision). Additionally, any violation of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 664, 94 Cal.Rptr.3d 685, 208 P.3d 623 (2009).

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim against defendant San, plaintiff has also properly set out the necessary elements for his Unruh Act claim. Accordingly, he is also entitled to default judgment on this claim.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." *Id*. § 52(a). Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights Act, based on one actual visit to defendant's property and one deterred visit. ECF No. 8-1 at 10. The court finds that plaintiff is entitled to this amount in statutory damages. *See Org. for Advancement of Minorities with Disabilities v. Heights Inn*, 2006 WL 2560754 (N.D. Cal. Sept. 5, 2006). ("[R]ecent authority holds that statutory damages under [the Unruh Act] are limited to each time that a plaintiff visits (or is deterred from visiting) a non-compliant establishment . . . .").

Plaintiff also requests attorneys' fees and costs. Plaintiff requests $440.00 in filing fees and service costs, which the court finds reasonable.

/////

7

Plaintiff seeks $3,910 in attorney's fees. In determining the reasonableness of attorney's fees, the Ninth Circuit uses the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In applying the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id*.

Plaintiff's counsel, Mark Potter, indicates that he spent 9.2 hours on this case and that his hourly billing rate is $425. Decl. of Mark Potter, ECF No. 8-4 ¶ 6. He further states that he is the founding member of his law firm and that he has 21 years of experience handling disability related issues. *Id*. ¶ 6. Although the court finds that the number of hours expended in handling this matter appears reasonable, the court finds the hourly rate of $425 excessive. Judges in this district have recently found that $300 an hour is a more appropriate rate for the work performed by plaintiff's counsel in cases similar to the instant case. *See Johnson v. Wayside Property, Inc.*, 2:13-cv-1610-WBS-AC, 2014 WL 6634324, at * 8 (E.D. Cal. Nov. 21, 2014) (awarding Mr. Potter attorney's fees at a rate of $300 an hour); *McMahan*, 2013 WL 966244 at *5 (granting plaintiff's motion for default judgment in an ADA action and awarding attorney's fees at a rate of $300 an hour). The court finds these cases persuasive.[6] Accordingly, plaintiff is entitled to receive $2760 (9.2 x $300) in attorney's fees.

III.   Conclusion

For the reasons state above, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment (ECF No. 8) be granted;

2. Plaintiff be awarded statutory damages in the amount of $8,000;

3. Plaintiff be granted an injunction requiring defendant San to provide for the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space;

/////

---

[6] In seeking $425 an hour, plaintiff relies on decisions from the Central and Southern District Courts of California and the Los Angeles County Superior Courts. *See* ECF Nos. 8-8, 8-9, 8-10, 8-11, 8-12. None of these cases reflect "the *prevailing local rate* for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111 (emphasis added).

    4.  Plaintiff's request for voluntary dismissal of the claims against defendant Edward Overton and of negligence and California Disabled Persons Act claims against defendant San be granted and those claims be dismissed without prejudice; and

    5.  Plaintiff be awarded costs and attorney's fees in the amount of $3,200.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 13, 2015.

                            EDMUND F. BRENNAN
                            UNITED STATES MAGISTRATE JUDGE